Filed 10/22/21  P. v. Molina CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>HECTOR DAVID MOLINA, aka HECTOR DAVID BETANCES MOLINA, HECTOR MOLINA-BETANCES, HECTOR D. MOLINA,<br><br>      Defendant and Appellant. | A159796<br><br>(Contra Costa County Super. Ct. No. 50809020) |

In 2018, the Legislature enacted a measure that curtailed the scope of the felony murder rule and the natural and probable consequences liability for murder.  (Pen. Code, §1170.95 as amended by Stats. 2018, ch. 1015, § 4.) It also established a procedure, set out in Penal Code section 1170.95 (section 1170.95), whereby persons convicted of murder under the former, more expansive definitions of murder involving implied malice could petition to have their murder convictions set aside.  Defendant Hector David Molina appeals from the order denying his petition for resentencing.

Defendant's opening brief distills the setting for the numerous crimes

1

involved here, with these three opening paragraphs:

"According to the prosecution's gang expert witness and former gang members, by 2007, the VFL and ML Sureño gangs were encountering hard times. Gang members were breaking the prohibition on killing other members, and successive leaders were forced to leave the country. Following an informal amalgamation, VFL and ML members sought to boost their waning prestige with a strategy of killing rival Norteño gang members. Defendant was a member of VFL and one of the members hunting down Norteños.

"Defendant went hunting on the night of December 22, 2007. Defendant was one of a number of Sureños who hid behind a fence until some Norteños came into view and then opened fire. Defendant killed Antonio Cintron (count one) and attempted to kill Adrian Espinoza (count two) and Neil Wixon (count three). Defendant was also convicted of conspiring to kill (count four) and engaging in gang activity (count five).

"On February 16, 2008, defendant was driving one of the two vehicles full of Sureños. When a suspected Norteño was found, defendant told the others to 'get that motherfucker.' Other gang members got out and killed Luis Perez (count seven)."

A jury found defendant guilty of first degree murder of Antonio Cintron in count 1; attempted murder of Adrian Espinoza and Neil Wixon, Jr. in counts 2 and 3; conspiracy to commit murder and assault in count 4; criminal street gang conspiracy in count 5; first degree murder of Luis Perez in count 7; second degree murder of Lisa Thayer in count 8; and first degree murder of Rico McIntosh in count 9. The jury found true the special circumstance allegation that defendant committed the murder in count 1 as an active participant in a criminal street gang and for the benefit of the gang, as well

2

as the enhancement allegations that defendant committed the crimes charged in counts 1, 2, 3, 4, 7, 8, and 9 for the benefit of a gang, and that he personally used a firearm and caused great bodily injury or death in the crimes in counts 1, 2, and 3. (Pen. Code, § 12022.53, subds. (b), (c), (d), (e).)

In June 2014, we filed our opinion rejecting defendant's appeal.

On April 25, 2019, defendant filed a motion for resentencing pursuant to section 1170.95.

On May 6, the court appointed counsel for defendant.

On June 10, the District Attorney filed a response in opposition, arguing that defendant was ineligible for resentencing because his conviction of conspiracy to commit murder in count 4 establishes that the jury found that defendant premeditated and deliberated each of the four murders.

Defendant did not file a reply. And on November 8, the trial court filed a written order, finding that defendant had failed to make a prima facie case for resentencing pursuant to section 1170.95, subdivision (a), and denying his petition. The court held that defendant "could be convicted on each of the four murders" under the amended murder statutes, because his conviction of conspiracy to commit murder establishes that he was not convicted under the now-invalid natural and probable consequences theory.

Defendant characterizes the result as a summary denial, but this is not strictly accurate. The trial court made the order only after it had appointed counsel for defendant, received written opposition from the District Attorney, and given defendant's counsel the opportunity to file a written response.

It is true that the court did not determine that defendant had stated a prima facie case for relief, nor did it issue an order to show cause (see Pen. Code, § 1170.95, subd. (c)), but these would appear mere formalities in light of the other events mentioned. It is also true that the court did not conduct a

hearing at which it could receive additional evidence (see *id*., subd. (d)), and this was probably error. (See *People v. Lewis* (2021) 11 Cal.5th 952, 971.) During the pendency of this appeal, we granted defendant's request to augment the record with materials from his trial. In his briefs, defendant does not identify what additional evidence he would have adduced. In these circumstances the error can be treated as harmless, as defendant has not shown a reasonable probability that a more favorable result would be likely. (*Id*., at pp. 973–974.)

The only substantive issue is whether the trial court correctly determined that because defendant was also convicted of conspiracy to commit the murders he was ineligible for relief. Defendant contends that, because the jury was instructed on the natural and probable theory of liability, it could have convicted him without necessarily finding that he harbored the intent to kill, and thus the trial court erred in concluding he was ineligible as a matter of law. Defendant is wrong.

In a different context, our Supreme Court has rejected this reasoning, in *People v. Beck and Cruz* (2019) 8 Cal.5th 548, 641, 645, which held as follows: "Beck and Cruz were charged with conspiracy to murder, not conspiracy to commit a lesser crime that resulted in murder. There is thus no possibility they were found guilty of murder on a natural and probable consequences theory."

As indicated above, the target offenses were the murders of perceived Norteño rivals, and defendant was convicted of conspiracy to commit first degree murder of those rivals. "[A] conviction of conspiracy to commit murder requires a finding of intent to kill." (*People v. Swain* (1996) 12 Cal.4th 593, 607.) " '[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder." (*People v. Beck*

4

*and Cruz, supra*, 8 Cal.5th at p. 641.) By convicting defendant of conspiracy to commit first degree murder, the jury accepted the People's argument that defendant harbored the intent to kill perceived Norteño rivals.

Defendant points to an instruction given to the jury, and contends the jury did not necessarily find he harbored an intent to kill when it convicted him of conspiracy to commit first degree murder, and could have found him guilty of first degree murder if the crime was a natural and probable consequence of the acts he had aided and abetted. But, according to CALJIC No. 8.69 (Conspiracy to Commit Murder), the jury could convict defendant of conspiracy to commit first degree murder only if it found he "harbored express malice aforethought, namely, the specific intent to kill unlawfully another human being." In light of this instruction, the conspiracy conviction demonstrates that the jury found defendant had specifically intended to commit first degree murder.

The recent case of *People v. Medrano* (2021) 68 Cal.App.5th 177 is on point, holding that relief under section 1170.95 is not available to a defendant convicted of conspiracy to commit murder.[1] We agree with that holding. Indeed, *Medrano* might be said to be a fortiori applicable here. As the dissenting opinion notes, *Medrano* held as it did despite that defendant "was not the actual killer," the jury was apparently "confused by the instructions," (*Medrano,* at p. 186), and in fact asked the court about them. (*Medrano*, at p. 187.) None of these facts is present here.

---

[1] *Medrano* was filed on August 24, 2021, before the People's respondent's brief was filed, but it was not cited by the People. Defendant's reply brief does discuss the case, and attempts to distinguish it, before concluding that defendant's "position is supported by the dissenting opinion in *Medrano*."

The order is affirmed.

_____
Richman, J.

We concur:

_____
Kline, P. J.

_____
Miller, J.

*P. v. Molina* (A159796)

7